UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON JONES,

    Plaintiff,

  v.              CAUSE NO. 3:20-CV-511-DRL-MGG

ARAMARK, *et al.*,

    Defendants.

OPINION & ORDER

  Jason Jones, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. To state a 42 U.S.C. § 1983 claim, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

  In the complaint, Mr. Jones alleges that, on September 25, 2019, an overloaded metal food cart fell on him as he moved it as part of his job duties, resulting in injuries to his face, wrist, and left leg. Ms. Frazier, his supervisor, knew that the cart had faulty wheels but did nothing to address it. He underwent an x-ray of his left knee only after a week of complaints and has not received adequate medication for his substantial knee pain. "In order to state a claim under the Eighth Amendment for deliberate indifference to a hazardous condition of confinement, [a prisoner] needed only to allege that [a defendant] deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Prison officials "must address

easily preventable, observed hazards that pose a significant risk of severe harm to inmates." *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016). Giving him the favorable inferences to which Mr. Jones is entitled at this stage of the proceedings, the complaint states a plausible Eighth Amendment claim against Ms. Frazier.

Mr. Jones also names Aramark and Wexford of Indiana is defendants. Corporate entities "[may] not be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* Because Mr. Jones has not identified a policy or custom that caused his injury, he may not proceed against Aramark. Mr. Jones alleges that Wexford maintains a policy or practice of failing to train medical staff to diagnose and treat prisoners properly.

> [T]he path to *Monell* liability based on inaction is steeper because, unlike in a case of affirmative [corporate] action, a failure to do something could be inadvertent and the connection between inaction and a resulting injury is more tenuous. For these reasons, where a plaintiff claims that the [corporate entity] has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the [corporate entity] is not held liable solely for the actions of its employee.

*J.K.J. v. Polk Cty.*, 960 F.3d 367, 378 (7th Cir. 2020). Notwithstanding these substantial hurdles, Mr. Jones states a plausible Eighth Amendment claim against Wexford of Indiana.

Mr. Jones also asks for adequate medical care for his left knee injury. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Consequently, Mr. Jones may proceed on an injunctive relief claim for the medical treatment to which he is entitled under the Eighth Amendment. The Warden of the Westville Correctional Facility in his official capacity is the proper defendant for this claim because he has both the authority and the responsibility to ensure that Mr. Jones receives adequate care. *See*

*Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Mr. Jones may proceed on an injunctive relief claim against that defendant.

For these reasons, the court:

(1) GRANTS Jason Jones leave to proceed on an Eighth Amendment claim for money damages against Ms. Frazier for allegedly failing to protect him from the hazardous condition of pushing a food cart with faulty wheels in September 2019;

(2) DIRECTS the clerk to add the Warden of the Westville Correctional Facility as a defendant;

(3) GRANTS Jason Jones leave to proceed on an Eighth Amendment claim for money damages against Wexford of Indiana for allegedly maintaining a policy or practice of failing to properly train medical staff to properly diagnose and treat prisoners that acted as the moving forced for the inadequate treatment for his left knee injury;

(4) GRANTS Jason Jones leave to proceed on an injunctive relief claim against Warden of the Westville Correctional Facility in his official capacity to obtain the medical treatment for his left knee injury to which he is entitled under the Eighth Amendment;

(5) DISMISSES Aramark;

(6) DISMISSES all other claims;

(7) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Ms. Frazier, Wexford of Indiana, and the Warden of the Westville Correctional Facility at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d);

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Ms. Frazier, Wexford of Indiana, and the Warden of the Westville Correctional Facility to respond, as provided for in the Federal Rules of Civil

Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Jason Jones has been granted leave to proceed in this screening order.

SO ORDERED.

June 23, 2020                               *s/ Damon R. Leichty*
                                            Judge, United States District Court