UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON JONES,

   Plaintiff,

 v.                CAUSE NO. 3:20-CV-511 DRL-MGG

FRAZIER *et al.*,

   Defendants.

## OPINION AND ORDER

Jason Jones, a prisoner without a lawyer, proceeds on an Eighth Amendment claim against Supervisor Frazier for failing to protect him from the alleged hazardous condition of pushing a food cart with faulty wheels in September 2019 and on an Eighth Amendment claim against Wexford of Indiana for maintaining a policy or practice of failing to properly train medical staff to diagnose and treat prisoners that resulted in the allegedly inadequate treatment of his left knee injury. Supervisor Frazier filed a summary judgment motion arguing that Mr. Jones didn't exhaust his administrative remedies.

In a declaration, John Harvil, grievance specialist at the Westville Correctional Facility, attested that a grievance process is available to inmates. ECF 35-2 at 1-2. The grievance policy requires correctional staff to distribute copies and to explain it to inmates upon their admission to the correctional system. ECF 35-3 at 7. The policy is also available to inmates through the law library. ECF 35-2 at 1-2. The policy sets forth a four-step grievance process. ECF 35-3 at 8-13. First, an inmate must attempt to informally resolve a complaint, typically by speaking to the staff member most directly associated with the

complaint. *Id.* If the inmate is unable to resolve the complaint informally, he may file a formal grievance with the grievance specialist. *Id.* Inmates must submit formal grievances within ten days of the incident at issue. *Id.* If an inmate is dissatisfied with the grievance specialist's determination on a formal grievance, he may file an appeal with the warden or his designee. *Id.* Finally, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. *Id.* According to the grievance records, Jones didn't submit any grievances during his time at the Westville Correctional Facility.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies before filing lawsuits in federal court. The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place,

2

and at the time, the prison's administrative rules require." *Id.* at 1025. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Mr. Jones concedes he didn't complete the grievance process but says he wasn't aware of one. "[R]emedies are available only if a prisoner has been notified of their existence." *Ramirez v. Young*, 906 F.3d 530, 535 (7th Cir. 2018). According to the record, correctional staff explain the grievance process and provide a copy of the grievance policy to all inmates at orientation as a matter of course as required by the policy. It further indicates that copies of the grievance policy are available to inmates at the law library. Consequently, Supervisor Frazier has established that a grievance process was available. Mr. Jones provides no evidence to the contrary regarding his orientation into the correctional system or his access to copies of the grievance policy, and his bare assertion about his personal awareness is insufficient to create a genuine dispute on the availability of the grievance process.

In sum, the record shows that a grievance process was available to Mr. Jones but that he did not complete it with respect to his claims. Therefore, the motion for summary judgment is granted with respect to Supervisor Frazier, though Mr. Jones may proceed on his claim against Wexford of Indiana.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 35); and

(2) DISMISSES Supervisor Frazier.

SO ORDERED.

January 29, 2021

*s/ Damon R. Leichty*
Judge, United States District Court